O’MALLEY, Circuit Judge,
concurring.
Because the majority correctly applies the standard set forth in Broekelschen v. Secretary of Health & Human Services, 618 F.3d 1339 (Fed.Cir.2010), and because we are bound by this court’s precedent, I concur in the judgment of the court. I write separately, however, to question whether Broekelsehen articulates the appropriate standard, particularly since it marks a departure from this court’s prior holding in Althen v. Secretary of Health & *1357 Human Services, 418 F.3d 1274 (Fed.Cir.2005).
In Althen, this court explained that a claimant seeking compensation for an off-Table injury must show that the “vaccination caused her malady.” 418 F.3d at 1278. Specifically, the court set forth the following three-part test for causation:
[The petitioner’s] burden is to show by preponderant evidence that the vaccination brought about her injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.
Id. A claimant who satisfies this burden is entitled to compensation unless the government can prove, by a preponderance of the evidence, that the claimant’s injury is due to factors unrelated to the vaccine. Id.
In Broekelschen, the court added an additional hurdle not contemplated in Althen. Specifically, the court held that, where the parties dispute the existence and nature of the injury, the special master must first determine which injury is best supported by the evidence before applying the Althen test to determine whether the vaccine caused that injury. Broekelschen, 618 F.3d at 1346. After Broekelschen, therefore, “identifying the injury is a prerequisite to the [causation] analysis.” Id.
Judge Mayer, who wrote the unanimous opinion in Althen, dissented in Broekel-schen on grounds that the majority’s approach of “first assigning a diagnosis to [the petitioner’s] symptoms before applying the Althen test, is not supported by statute, caselaw, or logic, and its effect was to impermissibly heighten [the petitioner’s] burden.” Broekelschen, 618 F.3d at 1352. As Judge Mayer explained, the Vaccine Act does not “narrowly limit[ ] its application to known injuries.” Id. Instead, by its terms, the Vaccine Act: (1) creates a cause of action for persons suffering from a “vaccine-related injury or death”; and (2) broadly defines “vaccine-related injury or death” to include “an illness, injury, condition, or death.” See 42 U.S.C. § 300aa-11(c); 42 U.S.C. § 300aa-33(5).
According to the majority in Broekel-schen, “[m]edical recognition of the injury claimed is critical and by definition a ‘vaccine-related injury,’ i.e., illness, disability, injury or condition, has to be more than just a symptom or manifestation of an unknown injury.” 618 F.3d at 1349. In effect, the majority in Broekelschen suggests that a claimant must prove that she has received a firm diagnosis of a specific disease or disorder before the methodology of Althen is to be applied. And, the majority in Broekelschen, as the majority here, makes clear that where there is a question as to the precise nature of the injury, the special master virtually has free reign to choose from among the possible diagnoses. I disagree with these requirements.
By statute, an off-Table petitioner, such as Lombardi, must allege only that she “sustained, or had significantly aggravated, any illness, disability, injury, or condition not set forth in the Vaccine Injury Table but which was caused by a Vaccine.” 42 U.S.C. § 300aa-ll(c)(l)(C)(ii)(I). Although the claimant must show that the vaccine caused an “illness, disability, injury, or condition,” nothing in the statutory language requires a clear diagnosis. Indeed, the breadth and variety of the phrases chosen to describe the possible harms cognizable under the Act implies that no such requirement should be read into the statute. Given the absence of a diagnosis requirement, I agree with Judge Mayer that, even where there is no “definitively diagnosed injury,” a petitioner “may experience an illness or disability that, with the *1358 proper showing of causation, can meet the criteria for a vaccine-related injury under the Vaccine Act.” See Broekelschen, 618 F.3d at 1352.
The majority in Broekelschen emphasized that this situation, where the exact nature of the injury is disputed, is “atypical” and “unusual.” 618 F.3d at 1349. Similarly, the special master here stated that Lombardi’s case is “unusual” because: (1) “doctors have not reached any consensus about what condition affects her now, or affected her in 1997-98”; and (2) her “treating doctors have not diagnosed her with one condition consistently.” Doe 60 v. Sec’y of Health & Human Servs., No. 99-W-523, 2010 WL 1506010, *7 (Fed.Cl. Mar. 26, 2010). As Judge Mayer noted in his dissent, however, every case is unique, and it is not difficult to imagine cases such as this, where medical examiners agree that something is wrong with an individual but either disagree as to the exact diagnosis or simply arrive at different, non-conflicting diagnoses. Importantly, nothing in the terms of the Vaccine Act requires a petitioner to show agreement among experts as to a specific diagnosis.
Broekelschen marks an unwarranted departure from this court’s decision in Al-then and provides a mechanism for special masters to shortcut the causation analysis in instances where the alleged injuries can support multiple diagnoses. As long as the respondent suggests an alternate diagnosis, the special master can effectively render his own diagnosis and deny compensation without ever shifting the burden to the government to show, by a preponderance of the evidence, that other factors unrelated to the vaccine caused the injury. As this court has recognized, however, the purpose of the Vaccine Act “was to establish a compensation program under which awards could be made to vaccine-injured persons ‘quickly, easily, and with certainty and generosity.’ ” Shyface v. Sec’y of Health & Human Servs., 165 F.3d 1344, 1351 (Fed.Cir.1999) (quoting H.R.Rep. No. 99-908, 99th Cong., 2d Sess. (1986), reprinted in 1986 U.S.C.C.A.N. 6344). Because Broekelschen creates an additional prerequisite to recovery and impermissibly increases a petitioner’s burden, I believe its holding contravenes the purpose of the Vaccine Act and is inconsistent with both the statutory language and our prior decision in Althen.
Accordingly, although I agree that the decision in this case is correct in light of Broekelschen, and therefore concur in the court’s judgment, I question whether that case articulates the correct standard. For the reasons discussed above, I believe we should revisit or significantly limit our decision in Broekelschen.